IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ROBERT F. SARTORI,**

    **Plaintiff.**

    **vs.**                                           Civ. No. 17-341 JCH/KK

**THE GARRISON LAW FIRM, LLC,**
**and JAKE A. GARRISON,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's *Motion for Relief From Order*, filed October 23, 2017. (Doc. 22.) The Court has considered the *Motion*, the relevant law, and the record, and is otherwise fully advised in the premises. For the reasons that follow, the Court finds that Plaintiff's *Motion* is not well taken and shall be denied.

**Background**

Plaintiff filed this action on March 15, 2017 (Doc. 1), and summonses were issued on the same date. On June 16, 2017, the Court entered an Order to Show Cause because the record reflected that Defendants had not been served and more than ninety (90) days had elapsed since Plaintiff filed his Complaint. (Doc. 4.) *See* Fed. R. Civ. P. 4(m) (providing that if a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified

time).  Further, Plaintiff had failed to show good cause for the failure to serve.  *Id.*  The Court notified Plaintiff that he had until June 30, 2017, to demonstrate good cause why service had not been made.  (Doc. 4.)  The Court further notified Plaintiff that failure to respond within the time allotted would result in his case being dismissed without prejudice.  On July 26, 2017, the Court entered an order dismissing Plaintiff's case for lack of prosecution.  (Doc. 6.)  As a result, Plaintiff's case was closed.

On September 5, 2017, Plaintiff filed motions for default judgment against Jake Garrision and the Garrision Law Firm, LLC, and concurrently filed summons returned executed.  (Docs. 7-10.)  As grounds for his respective motions for default judgment, Plaintiff stated, in relevant part, that the complaint and summons were served on July 10, 2017, yet Defendants had not answered or responded.  (Id.)  On September 8, 2017, the Court entered an order denying these motions, noting that Plaintiff's case had been closed pursuant to the Court's order of dismissal entered on July 26, 2017.  (Doc. 12 at 2)  In this order, the Court discussed Rule 60(b), indicating that, as a matter of procedure, a plaintiff whose case has been dismissed may file a motion under that rule to reopen the case.  (Id.)

Instead of filing a Rule 60(b) motion, immediately, on October 2, 2017, Plaintiff filed a "Motion for Service of Order to Show Cause"; a "Motion for Service of Order Dismissing Case for Lack of Prosecution"; a Motion for Service of Order Denying Motion for Default Judgment"; and four affidavits of "Service Failure."  (Doc. 13-20.)  In the respective motions for service, Plaintiff stated that he had not been served with, and had no knowledge of, the Court's orders in this matter, and he requested an

2

enlargement of time within which to respond. (Docs. 13-15.) In his respective affidavits of "Service Failure," Plaintiff denied having received any notices, orders, or other documents from the Court regarding this case until September 19, 2017, on which date, "via an email from a buddy," he discovered the Court's orders. (Docs. 16-20.)

On October 3, 2017, the Court issued an order directing the Clerk of the Court to resend to Plaintiff copies of the Order to Show Cause, the Order Dismissing Case for Lack of Prosecution, and the Order Denying Motions for Default Judgment. (Doc. 20 at 2.) In its Order, the Court denied Plaintiff's request for an enlargement of time, noting that "assuming as true Plaintiff's claim that he did not receive notice of the Court's orders, it does not alter Plaintiff's failure to timely prosecute his case." (Doc. 20 at 2.) The Court further noted (as it had already done in its September 8, 2017 order), that, as a matter of procedure, Plaintiff could properly seek recourse by filing a motion under Rule 60(b) of the Federal Rules of Civil Procedure. (Doc. 20 at 3.)

On October 23, 2017, Plaintiff filed the present *Motion for Relief From Order*. In this *Motion*, Plaintiff invokes Rule 60(b)(1) as grounds for relief from the Court's Order Dismissing Case for Lack of Prosecution.

**The Law Governing a Rule 60(b)(1) Motion**

Pursuant to Rule 60(b)(1), "on motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding" on the grounds of "mistake, inadvertence, surprise, or excusable neglect[.]" Such relief is extraordinary and is only granted in exceptional circumstances. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996). Relief under 60(b)(1) for mistake or inadvertence . . . cannot be

obtained unless the party makes "some showing of why he was justified in failing to avoid mistake or inadvertence. Gross carelessness is not enough. Ignorance of the rules is not enough, nor is ignorance of the law." *White v. Cassey*, 30 F.3d 142 (10th Cir. 1994) (unpublished); *see Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 ("Carelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)"); *see Cashner*, 98 F.3d at 577 ("[T]he kinds of mistakes by a party that may be raised by a Rule 60(b)(1) motion are litigation mistakes that a party *could not have protected against*, such as the party's counsel acting without authority of the party to that party's detriment." (emphasis added)). Whether neglect is "excusable" is an equitable determination, which the Court makes after considering: (1) the danger of prejudice to the non-movant, (2) the length of the delay and its potential impact on judicial proceedings, (3) whether the matter was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

**Analysis**

Plaintiff attributes his failure to timely serve Defendants within the ninety-day time frame required by Rule 4(m) of the Federal Rules of Civil Procedure to "mistake and inadvertence." (Doc. 22 at 2.) Specifically, Plaintiff argues that he relied on an outdated version of the Federal Rules of Civil Procedure, published in 2010, containing the then-effective Rule 4(m), which required service of process within 120 of filing a complaint. (Doc. 22 at 2-3.) Plaintiff contends that he acted in "good faith reliance" on the 2010 version of Rule 4(m), thereby excusing the untimely service in this matter, and

4

establishing a basis for relief from the Court's Order Dismissing Case for Lack of Prosecution. (Doc. 22 at 3) The Court is not persuaded that Defendant's reliance on an outdated version of the Federal Rules of Civil Procedure constitutes a sound basis for setting aside the order of dismissal in this case.

The Rule 4(m) amendment that effectively shortened the time for service of process from 120 to 90 days occurred in 2015—more than two years before Plaintiff filed the present lawsuit. *See* Fed. R. Civ. P. 4(m) advisory committee's note to 2015 amendment. Although Plaintiff is *pro se*, and is therefore entitled to some degree of liberal treatment, he must nevertheless abide by the Federal Rules of Civil Procedure. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (stating that the Tenth Circuit Court of Appeals "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants"). Neither Plaintiff's ignorance of the contemporary version of Rule 4(m), nor his careless or inadvertent failure to acquire or reference the current edition of the rules justifies relief under Rule 60(b)(1). *See White*, 30 F.3d 142 (10th Cir. 1994) (stating that carelessness and ignorance of the rules are insufficient bases for relief under Rule 60(b)(1)).

Nor is the Court persuaded that this is an instance of excusable neglect. In regard to the excusable neglect standard, Plaintiff contends that were the Court to reopen this case, Defendants would suffer "no prejudice" (in fact he appears to suggest that Defendants would benefit from the delay) because they have been afforded "additional time in which to prepare a defense." (Doc. 22 at 3.) Plaintiff argues, further, that he acted in "good faith" by relying on the outdated version of the Federal Rules of Civil

5

Procedure. (Doc. 22 at 2.) While Plaintiff does not address the length of the delay, the potential impact on judicial proceedings, or whether the matter was within his reasonable control, the Court does so summarily insofar as all of the factors are closely related in the context of this case. *See Pioneer Inv. Servs. Co.*, 507 U.S. at 395 (enumerating the factors that inform the excusable neglect analysis).

As an initial matter, although the Court does not find that Plaintiff acted in *bad faith* when, in 2017, he consulted a 2010 version of the Rules of Federal Procedure to file a lawsuit, the Court does not accept Plaintiff's ascription of "good faith" to this practice. Plaintiff pursues litigation in this Court with some degree of frequency. For example, Plaintiff has filed three other civil cases in the United States District Court of the District of New Mexico.[1] In one of those cases, Plaintiff managed his case through a timely filed Notice of Appeal to the Tenth Circuit.[2] In another case that is currently active, Plaintiff filed multiple pleadings and motions throughout the period of time when he failed to prosecute this case.[3] Moreover, a review of the Court's docket demonstrates that Plaintiff is familiar with the case management obligations that are imposed on a civil litigant by the federal and local rules of civil procedure when a civil complaint is filed.[4] In other words, Plaintiff is not an inexperienced *pro se* litigant unaccustomed to litigation. *See*

---

[1] *Sartori v. B.C. Services, Inc. et al.,* USDC NM Civ. No. 12-149 MCA/WDS; *Sartori v. Susan C. Little & Associates, PA et al.,* USDC NM Civ. No. 12-515 JB/LFG; and *Sartori v. Steider & Associates, P.C. et al.,* USDC NM Civ. No. 15-991 JCH/LF.

[2] *Sartori v. Susan C. Little & Associates, PA et al.,* USDC NM Civ. No. 12-515 JB/LFG.

[3] *Sartori v. Steider & Associates, P.C. et al.,* USDC NM Civ. No. 15-991 JCH/LF.

[4] Because Plaintiff is pro se, the court construes his pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court does not assume the role of his advocate. *Id.* Also, Plaintiff's pro se status does not excuse him from complying with the rules of the court or facing the consequences of noncompliance. *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994).

*Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1147 (10th Cir. 1990) (stating that "[t]here is simply nothing which offends justice about the denial of a [Rule 60(b)] motion . . . where the moving party [who is accustomed to litigation] . . . has failed to comply with the procedural rules of the court"). As noted, Plaintiff, like all litigants in this Court, has a duty to abide by the Federal Rules of Civil Procedure. *Kay*, 500 F.3d at 1218. And his reliance on an outdated version of the rules can, at best, be described as careless. Furthermore, as a *pro se* litigant, Plaintiff maintains control over his case management processes. Thus, his reliance on an outdated version of the rules, and his failure to timely serve Defendants were matters within his exclusive control. *See Pioneer Inv. Servs. Co*, 507 U.S. at 395 (stating that the movant's control over the matter that is the subject of the excusable-neglect analysis factors into the analysis); *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005) ("Fault in the delay remains a very important factor— perhaps the most important factor—in determining whether neglect is excusable.").

Additionally, Plaintiff's mere assertion that reopening this case would not prejudice Defendants (and his suggestion that it would, in fact, benefit them), and his failure to address the length of the delay or the potential impact on judicial proceedings of granting his Rule 60(b)(1) motion does not garner the Court's equitable favor. To the contrary, Plaintiff's litigation practices[5] and his argument in the present *Motion* reveal

---

[5] Plaintiff filed the present *Motion* seeking relief under Rule 60(b) on October 23, 2017, only *after* he sought relief from the Court's July 26, 2017, order of dismissal in his three motions for service, filed October 2, 2017. This notwithstanding the fact that in its September 8, 2017, order, the Court indicated that Plaintiff could only seek relief from the order of dismissal by filing a motion under Rule 60(b). Although the present *Motion* is not untimely under the strictures of Rule 60(c)(1), the fact that Plaintiff did not

7

Plaintiff's disregard for the important interests shared broadly among the Court and all who appear before it (including Defendants in the present matter), of finality, preservation of judicial resources, and the orderly administration of judicial proceedings. *See Cashner*, 98 F.3d at 580 (overturning the district court's order granting relief under Rule 60(b), and recognizing "the delicate balance between the finality of judgment and justice that Rule 60(b) seeks to maintain"); *Ashley Creek Properties, LLC v. Timchak*, 649 F. Supp. 2d 1171, 1181 (D. Idaho 2009), (recognizing that Rule 60(b) offers "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources"); *Hodgson v. Atl. Contracting, Inc.*, No. 4790, 1972 WL 958, at *1 (D.R.I. Sept. 26, 1972) (stating that in evaluating a Rule 60(b) motion, "it is necessary for the court to scrutinize the facts of the particular case before it in order to balance the purposes of substantial justice and the equities of the case against the interest in orderly procedure and the finality of judgments").

**CONCLUSION**

For the reasons stated herein, Plaintiff's *Motion for Relief From Order*, filed October 23, 2017 (Doc. 22.) is **DENIED**.

**JUDITH C. HERERRA**
**United States District Judge**

---

immediately pursue relief under that rule, and chose instead to seek relief by procedurally improper means speaks to his disregard for the rules of procedure and for the content of the Court's orders, generally. *See id.* (stating that a motion under Rule 60(b)(1), in the interim, Plaintiff must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding").