## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**ROBERT F. SARTORI,**

      **Plaintiff.**

**v.**                                                                 **Civ. No. 17-341 JCH/KK**

**THE GARRISON LAW FIRM, LLC,**
**and JAKE A. GARRISON,**

      **Defendants.**

## <u>ORDER</u>

**THIS MATTER** is before the Court on *Plaintiff's Motion to Set Aside Order*, filed November 29, 2017.  (Doc. 24.)  The Court has considered Plaintiff's Motion, the relevant law, and is otherwise fully advised in the premises.  The Court finds that the Motion is not well taken and shall be **DENIED**.

On July 26, 2017, the Court entered an Order dismissing Plaintiff's case for lack of prosecution.  (Doc. 6.)  On October 23, 2017, Plaintiff filed a *Motion for Relief From Order* seeking relief from the Court's Order Dismissing Case for Lack of Prosecution, pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure.  (Doc. 22 at 1.)  On November 1, 2017, the Court entered a Memorandum Opinion and Order denying Plaintiff's *Motion for Relief From Order.*  (Doc. 23.)  The Court's November 21, 2017, Order provided a thorough recitation of the procedural background in this matter, which shall not be reiterated here.

Twenty-eight days after the Court denied Plaintiff's *Motion for Relief From Order*, Plaintiff filed the present Motion requesting, pursuant to Rule 59(e) or, alternatively, pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, that the Court set aside its Order Dismissing Case for Lack of Prosecution (Doc. 6); and requesting, as well, that the Court set aside its November 1, 2017, Memorandum Opinion and Order (Doc. 23). (Doc. 24.)  The Court construes the present Motion as a timely filed motion to reconsider the November 1, 2017, Memorandum Opinion and Order (Doc. 23), pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 56(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment.").

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Courts should not grant relief where the movant seeks only to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Plaintiff's *Motion* seeks only to revisit issues already addressed and to advance arguments that were raised in his prior briefing.  Under the circumstances of this case, the Court declines to reconsider its November 1, 2017, Memorandum Opinion and Order (Doc. 23) in which the Court considered, and rejected, Plaintiff's request for relief from the Court's July 26, 2017, Order dismissing Plaintiff's case for lack of prosecution (Doc. 6).

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion to Set Aside Order*, filed

November 29, 2017 (Doc. 24) is **DENIED**.

_____

**JUDITH C. HERRERA**
**United States District Judge**